IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LONNIE DAVIDSON, et al.,

                Plaintiffs,

      v.                                CASE NO. 18-3084-SAC

KIRK THOMPSON,

                Defendant.

**MEMORANDUM AND ORDER**

      This matter is before the Court on a Motion to Withdraw without Prejudice (ECF No. 30) filed by Plaintiff Lonnie Davidson; a Response to the Court's Show Cause Order and, in the Alternative, Motion to Reconsider (ECF No. 32) filed by Defendant; a Response to the Show Cause Order (ECF No. 33) filed by Robert Davis; a Reply in Opposition to Response to Order (ECF No. 34) filed by Defendant; and a Motion to Dismiss (ECF No. 28) filed by Defendant.

      This case was opened with a complaint signed by five separate plaintiffs (ECF No. 4). Almost two months later, an Amended Complaint was filed, which was only signed by Plaintiff Davidson (ECF No. 16). On September 18, 2018, Defendant filed a Motion to Dismiss (ECF No. 28) the Amended Complaint. Then, on October 15, 2018, Plaintiff Davidson submitted a motion asking to withdraw his Complaint without prejudice so he could fully exhaust his claims in state court (ECF No. 30). The Court construed the October 15 motion as a Motion for Voluntary Dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Court also

1

provided notice and an opportunity to show cause why the case should not be dismissed to the four other purported plaintiffs in this case. ECF No. 31.

Defendant filed a Response arguing that the Court was mistaken in applying Rule 41(a)(2) and instead should have applied Rule 41 (a)(1)(A) because Defendant had not yet filed a motion for summary judgment or an answer. Rule 41 states, in pertinent part, that a "plaintiff may dismiss an action without a court order by filing: **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). The functional difference is that a voluntary dismissal under 41(a)(1) operates to dismiss the complaint upon filing of the notice of dismissal without the necessity of a court order while Rule 41(a)(2) requires leave of court.

The Court finds Defendant is correct. "[A] motion to dismiss under Rule 12 does not terminate the right of dismissal by notice." § 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ. § 2363 (3d ed.). *See also Carter v. U.S.*, 547 F.2d 258, 258 (5th Cir. 1977)(when plaintiff filed a motion to dismiss the lawsuit before defendants filed an answer or a summary judgment motion, plaintiff had an absolute right to such dismissal; the defendants' own motion to dismiss the suit on the merits would not be considered the equivalent of an answer despite the fact that they allegedly expended considerable effort in preparing the motion); *Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir. 1970) (plaintiffs entitled to have suit voluntarily dismissed without prejudice and without order of court since no answer or motion for summary judgment had been filed and there had been no entry of judgment; even though four days earlier, trial court had heard arguments on defendants' motion to dismiss and had announced orally proposed disposal of case). Plaintiff Davidson's motion to withdraw (ECF No. 30) should have been considered a notice of unilateral voluntary dismissal under 41(a)(1). Therefore, the dismissal was effective as

to Mr. Davidson upon the filing of Plaintiff's motion on October 15, 2018, and because Defendant's Motion to Dismiss (ECF No. 28) addressed the Amended Complaint filed by Mr. Davidson, the motion is denied as moot.

Defendant also argues the notice and opportunity to show cause the Court provided to Mr. Davis, Mr. Blick, Mr. Bradley, and Mr. Harris (*see* ECF No. 31) was improper and unnecessary. Defendant asserts they were no longer plaintiffs, given the filing of the Amended Complaint in which they were not named as plaintiffs and which they did not sign. Defendant also points out that neither the Amended Complaint nor the previous Complaint contain any allegations about any purported plaintiff other than Mr. Davidson and that none of the other purported plaintiffs responded to Defendant's Motion to Dismiss.

After considering Defendant's Response, the Court agrees with Defendant to the extent that the additional purported plaintiffs should have been dismissed from this action long ago. The Prison Litigation Reform Act requires that prisoners seeking relief in a non-habeas civil action in federal court must pay the full district court filing fee, albeit over time if the prisoner qualifies for in forma pauperis status. 28 U.S.C. § 1915(b)(1). This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee. *See Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g., Hubbard v. Haley,* 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee) and *Pinson v. Whetsel,* No. CIV-06-1372-F, 2007 WL 428191(W.D. Okl. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)).

Accordingly, the Court finds it appropriate to sever this matter into an additional four (4) separate actions in which each plaintiff proceeds on his own and is responsible for the full $400.00 district court filing fee. The Court dismisses Plaintiffs Davis, Blick, Bradley, and Harris from the instant matter, and directs the clerk's office to open a new and separate action for each of these plaintiffs. Because severance of the parties is being done pursuant to the Court's motion, each Plaintiff is granted an opportunity to voluntarily dismiss their separate case without a fee obligation if he no longer wishes to continue as the sole plaintiff in a separate complaint. If a plaintiff chooses to proceed, the Court will then address in each case the individual Plaintiff's payment obligations under § 1915(b) and will conduct initial review of the complaint under §§ 1915(e)(2), 1915A.

**IT IS THEREFORE BY THE COURT ORDERED** that Plaintiff's Motion to Withdraw without Prejudice (ECF No. 30) is **granted** insofar as it is construed to be a Notice of Voluntary Dismissal, thus resulting in this case being dismissed without prejudice as of October 15, 2018 by operation of Federal Rule of Civil Procedure 41(a)(1)(A).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 28) is denied as moot.

**IT IS FURTHER ORDERED** that Defendants' Response to the Court's Show Cause Order and, in the Alternative, Motion to Reconsider (ECF No. 32) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs Davis, Blick, Bradley, and Harris are dismissed from the instant action.

**IT IS FURTHER ORDERED** that the clerk's office is to open a separate case for each of Plaintiffs Davis, Blick, Bradley, and Harris with a copy of the original complaint, signed by all plaintiffs, from the instant case, and to place into each new case a copy of any pleading signed by that plaintiff.

**IT IS FURTHER ORDERED** that each of Plaintiffs Davis, Blick, Bradley, and Harris is granted until **April 22, 2019**, to voluntarily dismiss his respective separate action without obligation to pay the filing fee if he does not wish to proceed.

**IT IS SO ORDERED.**

DATED: This 22nd day of March, 2019, at Topeka, Kansas.

                                            **s/ Sam A. Crow**
                                            **SAM A. CROW**
                                            **U.S. Senior District Judge**